*937 OPINION.
Siefkin :
As to the year 1919, it has been agreed by counsel that petitioner’s return was filed May 14, 1920. Under section 250 (d) of the Revenue Act of 1921, “ no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed.”
Applying that section to these facts, collection of the 1919 deficiency was barred on May 14, 1925, unless the legal situation was changed by the enactment of the Revenue Act of 1924. Section 278 (d) of that Act allows six years after assessment for collection where assessment was made within the statutory time (as it was in this case, assessment having been made December 8, 1923) but section 278 (e) provides:
(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act.
We have held that in enacting the latter clause in the above paragraph, Congress provided a further period for collection in cases where the period for collection, had not expired. See Art Metal Works, 9 B. T. A. 491. Under that view, collection of the 1919 deficiency is not barred.
The situation as to the deficiency for 1918 must rest upon the same reasons under which we hold that collection of the 1919 deficiency is not barred. The return was filed June 9, 1919. A jeopardy assessment was made December 8, 1923. Under section 250 (d) of the *938 Revenue Act of 1921, collection was barred on June 9, 1924, except as section 278 (d) of the Revenue Act of 1924 extended the time. Prior to that date, petitioner executed two documents designated “waivers” after the assessment had been made.
Under the view we have taken in the case of Art Metal Works, cited above, it is unnecessary to consider the effect of the “ waivers ” as “ consent to a later determination, assessment and collection ” since, in conformity with our decision in that case we hold that, irrespective of such consent, the period for collection has not yet expired. When the Revenue Act of 1924 was passed, the statutory period for collection of the 1918 deficiency had not expired and we hold that the Commissioner of Internal Revenue, by virtue of section '278 (d) of that Act, was given six years from December 8, 1923, the date of the assessment, within which he might collect the tax.
Reviewed by the Board.

The 'proceeding will be restored to the calendar for hearing upon the merits.

Teussell, Phillips, and Milltken dissent.